■ In the Matter of the Estate of DONALD VAN BOGELEN, Deceased. JACQUELYN C. VAN BOGELEN, Respondent; TERRY L. VAN BOGELEN et al., Appellants. [614 NYS2d 228] —In a proceeding for, *inter alia,* a determination of ownership rights over certain items in the decedent's estate, the appeal is from (1) a decree of the Surrogate's Court, Dutchess County (Benson, J.), dated March 26, 1992, which, after a hearing, *inter alia,* held that the petitioner, as surviving joint tenant of a certain money market account, No. 10-5922000002-2, is entitled to the entire funds that were on deposit as of March 30, 1989, and (2) an order of the same court, also dated March 26, 1992, which awarded the petitioner Letters of Administration upon the estate of Donald W. Van Bogelen.

Ordered that the decree is modified, on the law and the facts, by deleting the first and second decretal paragraphs thereof holding that the petitioner was a surviving joint tenant of the subject account who was entitled to the entire funds on deposit therein as of March 30, 1989, and substituting therefor a provision decreeing that the petitioner is not a surviving joint tenant in IBM money market account No. 10-5922000002-2; as so modified, the decree is affirmed, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The Surrogate's Court erred in determining that the petitioner was the surviving joint tenant of a money market account which had been opened by the decedent and closed shortly thereafter. "While there is a presumption that the parties to a joint account are each entitled to an equal share (Banking Law, § 675), it is well settled that the presumption is not conclusive and may be rebutted by evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest on the party claiming the half share" *(Matter of Friedman,* 104 AD2d 366, 367, *affd* 64 NY2d 743). On this record, we find that the statutory presumption has been successfully rebutted *(see, Marrow v Moskowitz,* 255 NY 219, 222; *Viggiano v Viggiano,* 136 AD2d 630; *Matter of Friedman, supra; Wacikowski v Wacikowski,* 93 AD2d 885), and thus the petitioner is not entitled to recover any of the moneys that the decedent withdrew.

We find no merit to the appellants' remaining contentions. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.