■ PAMELA ROSMARIN, Respondent, v ROBERT LAMONTANARO et al., Appellants. [690 NYS2d 719] —In an action to recover

damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Golia, J.), entered May 13, 1998, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict and for judgment in their favor as a matter of law, is in favor of the plaintiff and against them in the principal sum of $30,000.

Ordered that the judgment is affirmed, with costs.

The trial court did not err in denying the defendants' motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment in their favor as a matter of law dismissing the complaint. The plaintiff's treating chiropractor testified that in the automobile accident giving rise to this action, the plaintiff had sustained a severe injury that left her with three bulging discs in her neck. He further testified that this injury accounted for the persistent pain and limitation of range of motion of her neck, and stated his opinion that the nerve impingement and arthritis associated with the bulging discs were permanent conditions that would get progressively worse. This evidence was sufficient to support the determination that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Murphy v Hasenflue, 198 AD2d 754).

Moreover, upon according the jurors their proper deference as finders of the facts and assessors of the credibility of witnesses, we conclude that the verdict was supported by a fair interpretation of the credible evidence (see, Rubin v Aaron, 191 AD2d 547, 548; Nicastro v Park, 113 AD2d 129, 136).

The trial court did not err in refusing to permit the defendants to impeach the credibility of the plaintiff's treating chiropractor by establishing that the doctor consistently used certain boilerplate language in characterizing the diagnoses and prognoses of a number of patients who were plaintiffs in personal injury actions. The court's limitation of the defendants' cross-examination of the chiropractor upon its determination that the evidence was not probative of the witness's credibility was not an improvident exercise of discretion (see, Feldsberg v Nitschke, 49 NY2d 636).

Finally, contrary to the respondent's contention, although this Court earlier affirmed the denial of the defendants' motion for summary judgment (see, Rosmarin v Lamontanaro, 238 AD2d 567), this appeal by the defendants, challenging the sufficiency of the plaintiff's proof of serious injury at trial, is not frivolous and does not warrant the imposition of a sanction. The defendants predicated this appeal upon specifically articulated challenges to the plaintiff's proof at trial, which

varied in certain material respects from the evidence she submitted in opposition to the defendants' motion for summary judgment. Accordingly, the appeal was not frivolous (*see,* 22 NYCRR 130-1.1 [c]). O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.