■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent. NEW YORK STATE DEPARTMENT OF AUDIT AND CONTROL et al., Necessary Parties under Executive Law § 298. [727 NYS2d 328] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated February 28, 2000, which, *inter alia,* found that the petitioner engaged in an

unlawful discriminatory practice by placing the complainant on involuntary leave without pay and terminating him because of his disability, and awarded the complainant backpay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

"[W]here a rational basis for an agency finding of discrimination is found, the judicial function is exhausted" (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Executive Dept.*, 220 AD2d 668). In the instant matter, the complainant stated a prima facie case of discrimination, shifting the burden of proof to the employer to "demonstrate that the disability prevented the employee from performing the duties of his job in a reasonable manner or that the employee's termination was motivated by a legitimate nondiscriminatory reason" (*Matter of McEniry v Landi*, 84 NY2d 554, 558). The findings of the Commissioner of the New York State Division of the Human Rights (hereinafter the Commissioner) that the petitioner failed to demonstrate that the complainant's disability prevented him from performing the duties of his job in a reasonable manner and that the termination of the complainant's employment was motivated by the complainant's failure to comply with an inappropriate and discriminatory medical standard were supported by substantial evidence in the record.

Although the Commissioner erred in considering the petitioner's settlement offer, which included job reinstatement, as proof of the petitioner's liability (*see,* CPLR 4547), the numerous other factors considered and cited by the Commissioner demonstrate that his determination that the petitioner had engaged in an unlawful discriminatory practice was supported by sufficient additional evidence apart from the settlement offer, such that the error was harmless.

As the petitioner's two separate job offers to the complainant either were not "substantially equivalent" to his previous position (*see, Lightfoot v Union Carbide Corp.*, 110 F3d 898, 907, *affd after remand* 175 F3d 1008, *cert denied* 528 US 817), or did not constitute "full relief" (i.e., such offers did not provide the complainant all the relief he would be entitled to if he prevailed on his complaint) (*see, Gerardi v Hofstra Univ.*, 897 F Supp 50, 54-55), the Commissioner's award of backpay was proper. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.