■ In the Matter of ALEXANDRA HAYEVSKY. ANNA BOYCHUK et al., Appellants; JONATHAN A. WEINSTEIN et al., Respondents. [757 NYS2d 47] —In a turnover proceeding pursuant to Mental Hygiene Law § 81.44, (1) Anna Boychuk and Vera Korsun appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered October 1, 2001, as, after a hearing, directed them to deliver all proceeds of a certain bank account to the petitioner Fran Peterson, and (2) Anna Boychuk, Vera Korsun, and their attorneys Jerome R. Halperin and the Halperin Law Firm, LLP, appeal, as limited by their brief, from so much of an order of the same court, dated December 5, 2001, as granted the court examiner's motion to modify the order entered October 1, 2001, to the extent of awarding the court examiner legal fees in addition to those awarded in the order entered October 1, 2001, and directing the entry of judgment in favor of the guardian and the court examiner and against them, and from a judgment of the same court, entered December 7, 2001, which is in favor of the guardian and against them in the principal sum of $9,000 and in favor of the court examiner and against them in the principal sum of $7,500.

Ordered that the appeal from the order dated December 5, 2001, is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered October 1, 2001, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion is denied, and the order dated December 5, 2001, is modified accordingly.

The appeal from the order dated December 5, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the Supreme Court correctly determined that the guardian effectively rebutted the presumption of joint tenancy (*see* Banking Law § 675), by evidence showing that the depositor established the account for convenience without the intention of conferring a present beneficial interest on the other joint tenant (*see Matter of Matsis,* 274 AD2d 431 [2000]; *Matter of Van Bogelen,* 204 AD2d 650 [1994]; *Matter of Friedman,* 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]).

The Supreme Court should not have considered the letter dated May 25, 2001, from the attorney for Vera Korsun offering to settle the guardian's claim, as proof of the respondents' liability or an admission of any fact contained therein (*see* CPLR 4547). However, the admission of this letter into evidence was harmless error because numerous other factors adduced at the hearing, apart from the settlement offer, supported the Supreme Court's determination (*see Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 284 AD2d 536, 537 [2001]).

The Supreme Court had no basis for requiring the appellants to pay the legal fees of the guardian or the court examiner. Attorneys' fees are incidents of litigation, and a prevailing party may not collect them from the losing party unless an award is authorized by statute, court rule, or agreement between the parties (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]; *Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5 [1986]; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22 [1979]). Under the Mental Hygiene Law, a guardian has the power to commence a separate proceeding to discover withheld property at the conclusion of which the court may award costs not exceeding $50 and disbursements (*see* Mental Hygiene Law § 81.44). Here, there is no claim of frivolous conduct as defined in 22 NYCRR 130-1.2 warranting the imposition of a sanction upon the appellants.

In light of our determination, we do not reach the appellants' remaining contentions. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.