■ HALL DICKLER KENT GOLDSTEIN & WOOD, LLP, Respondent, v SUZANNE MCCORMICK, Appellant. (And a Third-Party Action.) [828 NYS2d 528]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), dated March 18, 2005, which, upon an order of the same court entered March 3, 2005 granting the plaintiff's motion for summary judgment on its first cause of action and for dismissal of the defendant's second counterclaim, is in favor of the plaintiff and against her in the principal sum of $260,981.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, the evidence established that the plaintiff satisfied the requirements of the Code of Professional Responsibility DR 5-105 (c) by fully informing the defendant and the third-party defendants of the potential conflict of interest in the plaintiff's representation of all of them and by the parties consenting to the continued representation (*see* 22 NYCRR 1200.24 [c]; *see also Dominguez v Community Health Plan of Suffolk,* 284 AD2d 294, 295 [2001]). Moreover, no actual conflict arose until the defendant, after failing to pay the fees in arrears, demanded that the plaintiff cease representing the third-party defendants, which ultimately caused the plaintiff to terminate its representation of all parties.

To the extent that the Supreme Court considered in its order settlement negotiations between the plaintiff and the defendant, such error was harmless "because numerous other factors . . . apart from the settlement offer, supported the Supreme Court's determination" (*Matter of Hayevsky,* 302 AD2d 524, 525 [2003]; *see Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 284 AD2d 536, 537 [2001]).

The defendant's remaining contentions are not properly before this Court or are without merit. Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.