■ In the Matter of ERNESTINE R. JOHN R., Respondent; ANTHONY LaM., Respondent and Cross Petitioner-Appellant, et al., Respondents and Cross Petitioners. [877 NYS2d 407]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Ernestine R., Anthony LaM. appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered January 14, 2008, as amended February 6, 2008, which granted the petitioner's motion, in effect, for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 to the extent of directing him to pay the petitioner's attorneys the total sum of $21,720, and directed him to pay the fees of the court evaluator in the sum of $4,162.50.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered January 14, 2008, as amended February 6, 2008, as directed the appellant to pay the fees of the court evaluator in the sum of $4,162.50, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered January 14, 2008, as amended February 6, 2008, is reversed, on the facts and in the exercise of discretion, with costs, and the petitioner's motion, in effect, for

an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 for the petitioner's attorneys is denied.

On April 4, 2001, Ernestine R., suffering from a debilitating and progressively worsening medical condition, executed a durable general power of attorney designating her brother, the appellant, her attorney-in-fact. On or about June 22, 2006, Ernestine R.'s husband, the petitioner, commenced the instant proceeding, seeking to be appointed the guardian for her personal needs and property management. However, in a cross petition filed on or about September 1, 2006, the appellant and three other members of Ernestine R.'s family (hereinafter collectively the cross petitioners) opposed the petition on the ground that the power of attorney rendered the appointment of a guardian unnecessary. Alternatively, the cross petitioners alleged that if the appointment of a guardian was indeed necessary, then the appellant should be appointed the guardian for the property management of Ernestine R.

On or about September 25, 2006, the petitioner mentioned to Steven A. Swidler, one of his attorneys, that the appellant was once convicted of a felony. Swidler, realizing that under the circumstances, the appellant was legally disqualified from serving as a guardian for the property management of an incapacitated person (see 22 NYCRR 36.2 [c] [7]), pointed this out to the cross petitioners. The cross petitioners, who had been unaware of the impact of the appellant's conviction upon the appellant's ability to serve as a guardian for the property management of an incapacitated person, never disclosed the conviction to their attorney.

Soon after being advised of the significance of the appellant's conviction, the cross petitioners, on November 13, 2006, informed the court they were withdrawing the cross petition and consenting to the petitioner's appointment as guardian. Thus, in a judgment entered January 11, 2007, the court, inter alia, "Ordered and adjudged . . . that the cross-petition" was "withdrawn," declared the power of attorney inoperative, and appointed the petitioner guardian for the personal needs and property management of Ernestine R.

Approximately six months later, the petitioner, arguing that the filing of the cross petition was "frivolous," moved, in effect, for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 both for Swidler and his other attorney, Allison Guthrie Fischer. In the order appealed from, as amended, the court, finding, among other things, that the appellant's "conduct . . . constituted frivolous conduct," granted the motion to the extent of directing the appellant to pay the petitioner's attorneys the

total sum of $21,720. In addition, the court directed the appellant to pay the court-appointed court evaluator the sum of $4,162.50. We reverse.

Attorneys fees, incidents of litigation, cannot be awarded unless authorized by statute, court rule, or agreement between the parties (*see Matter of Hayevsky,* 302 AD2d 524, 525 [2003]). 22 NYCRR 130-1.1, a court rule intended to limit frivolous and harassing behavior (*see Doe v Karpf,* 58 AD3d 669 [2009]), authorizes a court, in its discretion, to award to any party or attorney in a civil action reasonable attorneys fees resulting from conduct found to be "frivolous." Among the types of conduct that will be considered frivolous are those determined to be "completely without merit in law," or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Glenn v Annunziata,* 53 AD3d 565, 566 [2008]). In making that determination, the court must consider "the circumstances under which the conduct took place," and "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]; *see Glenn v Annunziata,* 53 AD3d at 566).

Here, in light of, among other things, the appellant's understandable objection to the petition based on the power of attorney, his lack of awareness of the impact of his conviction upon his ability to be appointed a guardian for the property management of an incapacitated person, and his prompt withdrawal of the cross petition upon being advised of that impact, we conclude that the appellant did not engage in any frivolous conduct. Accordingly, the Supreme Court improvidently exercised its discretion in directing him to pay the petitioner's attorney's fee and the court evaluator's fee pursuant to 22 NYCRR 130-1.1 as a sanction for frivolous conduct. Furthermore, under the circumstances, the Supreme Court had no other basis for requiring the appellant to pay those fees (*cf. Matter of Hayevsky,* 302 AD2d at 525).

The appellant's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.