■ In the Matter of TERESA M. MILLER, Appellant, v MARK H. MILLER, Respondent. [947 NYS2d 541]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated May 6, 2010, as granted those branches of the father's motions which were for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 to the extent of directing the mother and her attorney to each pay the father's attorney the sum of $2,500.

Ordered that the appeal by the mother from so much of the order as granted those branches of the father's motions which

were for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 to the extent of directing her attorney to pay the father's attorney the sum of $2,500 is dismissed, as the mother is not aggrieved by that portion of the order (*see* CPLR 5511; *Scopelliti v Town of New Castle*, 92 NY2d 944 [1998]; *Matter of Glatzer v Glatzer*, 73 AD3d 1173, 1174 [2010]; *Impastato v Impastato*, 62 AD3d 752 [2009]; *Mohler v Nardone*, 53 AD3d 600 [2008]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the facts and in the exercise of discretion, and those branches of the father's motions which were for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, payable by the mother are denied; and it is further,

Ordered that one bill of costs is awarded to the mother.

The court rule set forth in 22 NYCRR 130-1.1,which is intended to limit frivolous and harassing behavior (*see Doe v Karpf*, 58 AD3d 669, 670 [2009]), authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct (*see Matter of Ernestine R.*, 61 AD3d 874, 876 [2009]). Conduct is frivolous within the meaning of the rule where, inter alia, it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Gelobter v Fox*, 90 AD3d 829, 832 [2011]; *Dank v Sears Holding Mgt. Corp.* 69 AD3d 557, 558 [2010]; *Matter of Ernestine R.*, 61 AD3d at 876; *Doe v Karpf*, 58 AD3d at 670). A party seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 (c) has the burden of demonstrating that the conduct of the opposing party was frivolous within the meaning of the rule, or that the action or proceeding was commenced or continued in bad faith (*see Maybaum v Maybaum*, 89 AD3d 692, 697 [2011]; *Providence Wash. Ins. Co. v Munoz*, 85 AD3d 1142, 1144 [2011]; *Broich v Nabisco, Inc.*, 2 AD3d 474, 475 [2003]).

Here, the father failed to demonstrate that the mother's custody/visitation and family offense petitions were frivolous within the meaning of 22 NYCRR 130-1.1 (c). One of the mother's custody/visitation petitions, and one of her family offense petitions, were predicated upon the father's arrest on charges including endangering the welfare of a child. After all criminal charges against the father were dismissed, the mother withdrew the family offense petition predicated upon his arrest, and sought, but was denied, permission to withdraw the custody/

visitation petition predicated upon his arrest. Under these circumstances, it cannot be concluded that the petitions predicated upon the father's arrest were either brought or continued in bad faith. Further, regardless of whether the two additional petitions filed by the mother were likely to be successful, they were not so completely without merit in law as to be frivolous, and the father failed to demonstrate that they were filed to delay the proceedings, or to harass or maliciously injure him. Accordingly, the Family Court improvidently exercised its discretion in granting those branches of the father's motions which were to recover an attorney's fee from the mother pursuant to 22 NYCRR 130-1.1 (*see Maybaum v Maybaum*, 89 AD3d at 697; *Matter of Wieser v Wieser*, 83 AD3d 950 [2011]; *Matter of Katz v Shomron*, 71 AD3d 770 [2010]; *Matter of Ernestine R.*, 61 AD3d at 876; *Glenn v Annunziata*, 53 AD3d 565, 566 [2008]). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.