■ In the Matter of JOHN LEBRON, Appellant, v MORNA LEBRON, Respondent. [956 NYS2d 125]—

The parties are divorced and have two children from their marriage. The parties entered into a stipulation of settlement, which was incorporated but not merged into the judgment of divorce, pursuant to which they agreed that the mother would be the custodial parent and would have the right to move her primary residence anywhere within 50 miles of her residence in Queens without seeking the father's consent or court approval.

The father filed a petition seeking to modify the custody provisions of the stipulation and to award him custody of the children, claiming that the mother was planning to move outside the radius specified in the stipulation of settlement, and that the proposed relocation would not be in the children's best interests. The mother's attorney eventually provided proof that the proposed move was just over 49 miles from the children's current home in Queens.

The mother moved to dismiss the petition, and the Family Court granted the motion. The mother then moved for an award of attorney's fees. In a decision dated July 11, 2011, the Family Court found that the father's income was twice that of the mother's, with the inclusion of the income of the father's current wife, and further found that the father's refusal to withdraw his petition was frivolous. The Family Court issued an order dated July 12, 2011, in effect, granting the mother's motion for an award of attorney's fees in the sum of $13,800.

The Family Court erred in granting the mother's motion for an award of attorney's fees. Conduct is frivolous within the meaning of 22 NYCRR 130-1.1 where it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" or "it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c] [1], [2], [3]; see Matter of Miller v Miller, 96 AD3d 943 [2012]; Gelobter v Fox, 90 AD3d 829, 832 [2011]). A party

seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 (c) has the burden of proof (*see Matter of Miller v Miller*, 96 AD3d 943 [2012]).

Under the circumstances of this case, the father's conduct in commencing and continuing this proceeding was not frivolous. Although the father did not withdraw his petition after the mother established, prima facie, that the proposed relocation was within the 50-mile limitation, it cannot be said that the father's argument that the proposed relocation was not in the children's best interests is completely without merit in law or fact. In addition, there is no evidence that the father was attempting to delay or prolong the resolution of the litigation or to harass or maliciously injure the mother, or that he has asserted material factual statements that are false (*see MuroLight v Farley*, 95 AD3d 846 [2012]; *Mascia v Maresco*, 39 AD3d 504 [2007]; *Matter of Wecker v D'Ambrosio*, 6 AD3d 452 [2004]).

Accordingly, the Family Court improvidently exercised its discretion in granting the mother's motion for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 (*see Matter of Miller v Miller*, 96 AD3d 943 [2012]; *Maybaum v Maybaum*, 89 AD3d 692, 697 [2011]; *Matter of Wieser v Wieser*, 83 AD3d 950 [2011]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Eng, P.J., Rivera, Lott and Cohen, JJ., concur.