■ NANCE M. HUTTER, Appellant, v CITIBANK, N.A., et al., Defendants, and WATERMARK CAPITAL, INC., et al., Respondents. [38 NYS3d 35]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated June 4, 2014, which granted that branch of the motion of the defendants Watermark Capital, Inc., Nicholas Joutz, and Clint Elliott which was for an award of attorney's fees and costs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

"The court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct" (*Matter of Miller v Miller*, 96 AD3d 943, 944 [2012] [citations omitted]). Conduct is frivolous if, inter alia, it is "completely without merit in law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Matter of Ernestine R.*, 61 AD3d 874, 876 [2009]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and

whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]).

Here, in light of the plaintiff's frivolous conduct in delaying her discontinuance of the action insofar as asserted against the respondents, the Supreme Court did not improvidently exercise its discretion in granting that branch of the respondents' motion which was for an award of attorney's fees and costs against the plaintiff (*see Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 56 AD3d 605, 606 [2008]; *Kornblum v Kornblum*, 34 AD3d 749, 751 [2006]; *Pappas & Marshall v Ross Logistics*, 222 AD2d 424, 425 [1995]). Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.