■ Arlene Marx, Administratrix of the Estate of Ruth Wiener, Deceased, Respondent, v Rosalind and Joseph Gurwin Jewish Geriatric Center of Long Island, Inc., Doing Business as Gurwin Jewish Geriatric Center, et al., Defendants. Parker Waichman, LLP, Nonparty Respondent; Wilson Elser Moskowitz Edelman & Dicker, LLP, et al., Nonparty Appellants. [49 NYS3d 475]—

In an action, inter alia, to recover damages for negligence, Wilson Elser Moskowitz Edelman & Dicker, LLP, and Elizabeth SanDonato appeal from a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered May 8, 2014, which, upon an order of the same court dated January 14, 2014, granting that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs, after a hearing, is in favor of the plaintiff and against them in the principal sum of $23,953.95.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs is denied, and the order dated January 14, 2014, is modified accordingly.

At issue on this appeal is the imposition of costs pursuant to 22 NYCRR 130-1.1 against the defendants' counsel, upon the Supreme Court's finding that defense counsel engaged in frivolous conduct in connection with her cross-examination of the plaintiff in this nursing home malpractice action. As is relevant to this appeal, prior to her death, the plaintiff's decedent was a resident patient at the defendant nursing home, Rosalind and Joseph Gurwin Jewish Geriatric Center of Long Island, Inc. (hereinafter Gurwin). The plaintiff, who is the decedent's daughter, commenced this action alleging, inter alia, that the decedent had developed a stage IV pressure ulcer on her left heel, causing pain and suffering, due to Gurwin's

negligent treatment of the decedent. During the jury trial of this matter, the attorney for the defendants, nonparty Elizabeth SanDonato from the nonparty law firm, Wilson Elser Moskowitz Edelman & Dicker, LLP, was cross-examining the plaintiff about the decedent's prior admission to the "South Oaks Psychiatric Facility" (hereinafter South Oaks), when the court sustained objections to the four questions posed to the witness on this subject. The court thereafter declared a mistrial, finding that the complained of cross-examination prejudiced the plaintiff and "poisoned" the jury. Thereafter, the court granted the branch of the plaintiff's motion which was for an award of costs pursuant to 22 NYCRR 130-1.1, upon finding that SanDonato engaged in frivolous conduct because there was no legal basis for continuing the line of questioning at issue as the witness did not remember the decedent's hospitalization at South Oaks, and the hospital records were not before the court or in evidence. We reverse.

" 'The court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct' " (*Hutter v Citibank, N.A.*, 142 AD3d 1049, 1049 [2016], quoting *Matter of Miller v Miller*, 96 AD3d 943, 944 [2012]). Conduct during litigation is frivolous and subject to sanction and/or the award of costs, including an attorney's fee, when: "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). To avoid sanctions, at the least, the conduct must have a good faith basis (*see Dank v Sears Holding Mgt. Corp.*, 69 AD3d 557, 558 [2010]; *see also* 22 NYCRR 130-1.1a [b]).

Here, SanDonato's cross-examination of the plaintiff regarding the decedent's prior hospitalization at South Oaks had a good faith basis in the record that was before the trial court and was not frivolous. At the beginning of the trial, the parties stipulated to the admission into evidence of the decedent's medical records, which included a discharge summary from Brunswick Hospital Center (hereinafter Brunswick). The discharge summary indicated that the decedent had been transferred to Brunswick from "South Oaks Psychiatric Facility." Further, under the circumstances of this case, the decedent's prior hospitalization at South Oaks had some

relevance in light of the parties' opening statements. Accordingly, the Supreme Court improvidently exercised its discretion in awarding costs to the plaintiff pursuant to 22 NYCRR 130-1.1 (*see Hill v Arnold,* 226 AD2d 232 [1996]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.