■ ANGELIQUE MARRERO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and FEDCAP REHABILITATION SERVICES, INC., Respondent. [52 NYS3d 652]—In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Cohen, J.), dated November 13, 2015, which granted the separate applications of the plaintiff and the defendant Fedcap Rehabilitation Services, Inc., for an award of costs in the form of attorneys' fees pursuant to 22 NYCRR 130-1.1.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

"The court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct" (Matter of Miller v Miller, 96 AD3d 943, 944 [2012] [citations omitted]). Conduct is frivolous if, inter alia, it is "completely without merit in law" or "asserts material factual statements that are false" (22 NYCRR 130-1.1 [c] [1], [3]; see Matter of Ernestine R., 61 AD3d 874, 876 [2009]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]).

Here, contrary to the contention of the defendant New York City Transit Authority (hereinafter NYCTA), the Supreme Court providently exercised its discretion in granting the separate applications of the plaintiff and the defendant Fedcap Rehabilitation Services, Inc., for an award of costs in the form of attorneys' fees pursuant to 22 NYCRR 130-1.1, based on the frivolous conduct of NYCTA's trial counsel (see generally Andrew v Kerendian, 130 AD3d 951, 952 [2015]; Degtiarev v Delecia-Kenny, 105 AD3d 691 [2013]; Kornblum v Kornblum, 34 AD3d 749, 751 [2006]; Kucker v Kaminsky & Rich, 7 AD3d 491, 492 [2004]).

NYCTA's remaining contention is without merit. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.