Matter of Sottilare v Fahner (2018 NY Slip Op 02792)





Matter of Sottilare v Fahner


2018 NY Slip Op 02792


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-09451
 (Docket Nos. V-03155-16/16B, F-00580-16/16A)

[*1]In the Matter of Anthony John Sottilare, Jr., appellant, 
v
Kerrin E. Fahner, respondent.


Patrick Michael Megaro, Forest Hills, NY, for appellant.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, and a related child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated July 12, 2017. The order granted the mother's motion pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees in the sum of $10,995.50.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by reducing the award of attorneys' fees from the sum of $10,995.50 to the sum of $4,000; as so modified, the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in May 2006. In March 2008, the Brevard County Circuit Court in Florida awarded the mother primary physical custody of the child, with visitation to the father. In 2011, the mother moved to New York. In January 2016, the father commenced a proceeding in the Family Court, Suffolk County, seeking to hold the mother in contempt for leaving Florida without his consent and for refusing him visitation with the child. The Family Court rejected the petition on the ground that it lacked jurisdiction. The father re-filed the petition, stating that the Florida court had informed him that New York, and not Florida, had jurisdiction. The matter proceeded in the Family Court, but, in July 2016, the father commenced an identical proceeding in Florida to hold the mother in contempt. In October 2016, after obtaining a favorable ruling from the Florida court, the father asked the Family Court to dismiss the New York proceeding. The Family Court granted the father's application, and also granted the mother's motion pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees she incurred in the New York proceeding. The father appeals.
" The court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct'" (Marrero v New York City Tr. Auth., 150 AD3d 1097, 1098, quoting Matter of Miller v Miller, 96 AD3d 943, 944 [citations omitted]). Conduct is frivolous if, inter alia, it is "completely without merit in law" or "asserts material factual statements that are false" (22 NYCRR 130-1.1[c][1], [3]; see Marrero v New York City Tr. Auth., 150 AD3d at 1098; Matter of Ernestine R., 61 AD3d 874, 876). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual [*2]basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1[c]).
Here, the Family Court providently exercised its discretion in granting the mother's motion for an award of attorneys' fees pursuant to 22 NYCRR 130-1.1 based on the frivolous conduct of the father in bringing and prosecuting two identical proceedings, one in New York and the other in Florida, after representing to the Family Court that the Florida court would not exercise jurisdiction in this matter. However, the sum awarded is modified to the extent indicated, in the exercise of discretion.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court