Cram v Keller (2018 NY Slip Op 08007)





Cram v Keller


2018 NY Slip Op 08007


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-05537
 (Index No. 1254/13)

[*1]Veronica Cram, etc., appellant, 
v
Daniel C. Keller, et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri and Brandon Cotter of counsel), for appellant.
Boeggeman, George & Corde, P.C., White Plains, NY (Robert S. Ondrovic of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 3, 2016. The judgment, upon an order of the same court dated April 7, 2016, granting the defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint, and denying the plaintiff's cross motion for an award of costs pursuant to 22 NYCRR 130-1.1, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint is denied, the complaint and the jury verdict on the issue of liability are reinstated, the plaintiff's cross motion for an award of costs pursuant to 22 NYCRR 130-1.1 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for a trial on the issue of damages and a determination of the amount of costs to be awarded to the plaintiff.
The plaintiff was injured while walking up stairs located on the outside of a house her son was renting from the defendants. The stairs had a handrail on the left side, but not on the right side. There was a 19-inch drop on the right side of the stairs where the plaintiff fell to the ground. Following a jury trial on the issue of liability, the jury determined that the defendants were 60% at fault in the happening of the accident. The defendants moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint, arguing that the plaintiff failed to establish that the defendants owned the house and that the allegedly dangerous condition was open and obvious. The plaintiff cross-moved for costs pursuant to 22 NYCRR 130-1.1 on the ground that the motion was frivolous. The Supreme Court granted the defendants' motion, finding, inter alia, that the condition was open and obvious, and was not inherently dangerous, and denied the plaintiff's cross motion. The plaintiff appeals, and we reverse.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences [*2]which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Vittiglio v Gaurino, 100 AD3d 987, 987-988; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Leonard v New York City Tr. Auth., 90 AD3d 858, 859 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556).
Here, viewing the evidence in the light most favorable to the plaintiff, and affording her every favorable inference which may properly be drawn from the facts presented, a rational jury could have concluded that the defendants owned the subject property. The plaintiff read into the record excerpts from the deposition of the defendant Daniel C. Keller, wherein Keller admitted that, since purchasing the property, he put up a wrought iron railing and that the defendants had rented the property to a tenant. The admission by Keller that he and his wife had purchased the property, made an improvement on it, and had rented it out is legally sufficient evidence of ownership.
Regarding the defendants' contention that the condition was open and obvious, a rational jury could have concluded that the defendants were negligent in maintaining the property, and that their negligence was the proximate cause of the plaintiff's injuries. "Proof that a dangerous condition is open and obvious does not preclude a finding of liability against an owner for failure to maintain property in a safe condition" (Russo v Home Goods, Inc., 119 AD3d 924, 925; see Cupo v Karfunkel, 1 AD3d 48, 52). "While such proof is relevant to the issue of a plaintiff's comparative negligence, a hazard that is open and obvious may be rendered a trap for the unwary where the condition is obscured or the plaintiff distracted" (Russo v Home Goods, Inc., 119 AD3d at 925 [internal quotation marks omitted]; see Mazarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009). "The determination of . . . whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Russo v Home Goods, Inc., 119 AD3d at 925-926 [internal quotation marks and citations omitted]).
Here, the plaintiff's expert, a licensed professional engineer, testified that the stairway as maintained was not safe and that it would have been the best safety practice to have installed a railing on the open side of the landing to prevent a fall. The plaintiff testified that, when she started walking up on the right side of the steps, she thought her grandchildren were behind her. When she got to the landing, after looking to her left and not seeing them, she "swung over to the right" to look for them, misstepped, and lost her balance. When she tried to grab for something, there was nothing there, and she fell. Under these circumstances, it would not have been unreasonable for the jury to have found that the plaintiff was distracted, and that the 19-inch drop on the right side of the stairs, where there was no handrail, even if open and obvious, was rendered a "trap for the unwary" (id. at 925). Contrary to the defendants' contention, based on the trial evidence, a rational jury could have concluded that the absence of a handrail on the right side of the stairs, even if open and obvious, was a dangerous condition that the defendants had a duty to maintain in a safe condition (see id.).
Regarding the issue of costs, " [t]he court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award a party in a civil action reasonable attorney's fees resulting from frivolous conduct'" (Marrero v New York City Tr. Auth., 150 AD3d 1097, 1098, quoting Matter of Miller v Miller, 96 AD3d 943, 944 [citations omitted]; see Matter of Sottilare v Fahner, 160 AD3d 967, 967-968). Conduct is frivolous if, inter alia, it is "completely without merit in law" or "asserts material factual statements that are false" (22 NYCRR 130-1.1[c][1], [3]; see Marrero v New York City Tr. Auth., 150 AD3d at 1098; Matter of Ernestine R., 61 AD3d 874, 876). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues, the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1[c]; see Matter of Sottilare v Fahner, 160 AD3d at 967-968).
Here, the Supreme Court should have granted the plaintiff's cross motion for an [*3]award of costs in the form of reimbursement of reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1 based on the frivolous conduct of the defendants in moving to set aside the verdict pursuant to CPLR 4404(a) to the extent that the motion was predicated upon the ground that the plaintiff failed to establish at trial that they owned the subject property. The excerpts of Keller's deposition testimony read into the record by the plaintiff provided circumstantial evidence that the defendants, in fact, owned the property. Following the plaintiff's reading, which took place at the end of the day's trial proceedings, plaintiff's counsel indicated that he had no additional testimony to read, although counsel did not formally rest. The next morning, plaintiff's counsel sought to read additional deposition testimony but was confronted by a general objection from defense counsel. While defense counsel did not provide a basis for his objection, the trial court peremptorily sustained the objection without affording plaintiff's counsel the opportunity to make an offer of proof and without defense counsel elaborating on the basis for his objection.
While defense counsel has the right to hold the plaintiff to the burden of proof on disputed issues, here, the record shows that the defendants' ownership of the property was never genuinely disputed. In fact, Keller explicitly admitted in a portion of his deposition testimony not read by the plaintiff at trial that he and his wife owned the property. Defense counsel successfully objected to the reading of this testimony despite the lack of any apparent good faith basis in which to do so, making this an exercise in gamesmanship. The defendants did not offer any evidence at trial to dispute their ownership of the property. At an early stage of the case, the defendants submitted an answer to the complaint in which they denied having knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegation of the defendants' ownership of the subject property. While the answer was verified by counsel, it is difficult to accept the denial of information sufficient to form a belief as to ownership as having been asserted in good faith, as there is no reason to believe that the defendants did not know that they owned the property, given that Keller admitted at his deposition that he and his wife owned the property. While the defendants did not amend their answer after Keller's deposition, plaintiff's counsel knew that the defendants did not dispute ownership and defense counsel knew that as well. Under the circumstances of this case, the defendants' posttrial motion to set aside the verdict, to the extent predicated on the issue of ownership, was frivolous, given the evidence presented by the plaintiff at trial, the failure of the defendants to offer any contrary evidence at trial, the known fact that the defendants owned the property, the lack of good faith underlying the denial of ownership appearing in the defendants' answer, and the lack of a good faith basis for the exclusion of the additional deposition testimony that would have eliminated any doubt on the issue of ownership.
Our dissenting colleague faults the plaintiff for failing to squarely address the issue of ownership in discovery and at trial. However, the plaintiff elicited during discovery the undisputed fact that the defendants owned the property, a fact that was obvious to all. While the plaintiff could have offered the explicit admission of ownership found in Keller's deposition before indicating that he did not have any more deposition testimony to read into the record, it was defense counsel who prevented any further reading of deposition testimony by objecting the next morning, even though the plaintiff had not rested. We are satisfied that there was no good faith basis for the defendant's motion to set aside the verdict to the extent it was predicated upon the inaccurate claim that the defendants did not own the subject property.
However, the defendants also made nonfrivolous arguments in their motion to set aside the verdict. Accordingly, we remit the matter to the Supreme Court, Orange County, for a trial on the issue of damages and a determination of the amount of costs to be awarded.
In light of our determination, we need not reach the plaintiff's remaining contention.
SCHEINKMAN, P.J., COHEN and CHRISTOPHER, JJ., concur.
DILLON, J., concurs in part and dissents in part, and votes to reverse the judgment, on the law, to deny the defendants' motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint, to reinstate the complaint and the jury verdict on the issue of liability, to modify the order accordingly, and to remit the matter to [*4]the Supreme Court, Orange County, for a trial on the issue of damages, with the following memorandum:
While I concur that the judgment should be reversed for reasons set forth by my colleagues, I dissent as to the imposition of costs upon defense counsel for making an allegedly frivolous motion pursuant to CPLR 4404. " [L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property'" (Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565, 566, quoting Warren v Wilmorite, Inc., 211 AD2d 904, 905[citation omitted]). "Without evidence of ownership, occupancy, control or special use of the property upon which the defect is situated, a defendant cannot be held liable for any injuries caused by the defect" (Ruggiero v City Sch. Dist. of New Rochelle, 109 AD3d 894, 895). The defendants' answer to the complaint, whether accurate or not, made the ownership of the premises an issue for the trial.
Reference to the defendants' "purchase" of the property, maintenance of the property, and their "rental" to a tenant was entirely contained in questions posed by plaintiff's counsel to the defendant Daniel Keller at his deposition, which was read by the plaintiff to the jury at trial. While Keller's answers permitted the jury to draw an inference that the defendants were the owners of the property, the plaintiff did not submit at trial any definitive testimonial or documentary evidence of the defendants' ownership.
In my opinion, the defendants' posttrial motion pursuant to CPLR 4404 to set aside the verdict on the ground that the plaintiff failed to meet her burden of establishing the defendants' ownership of the property was without sufficient merit to be granted, but it was not frivolous given the sparse and inferential nature of the proof (see 22 NYCRR 130-1.1[c][1], [2], [3]). Notably, the trial Justice herself found the defendants' motion meritorious. Most importantly, fault for the mushrooming of the ownership issue in posttrial proceedings is attributable to both sides of the action—the defendants for failing to properly admit ownership in the answer verified by counsel—and the plaintiff for failing to squarely address the issue in discovery and at trial. Thus, even though we are reversing the judgment and denying the defendants' motion to set aside the verdict, I disagree with the majority that the defendants' posttrial motion constitutes frivolous conduct pursuant to 22 NYCRR 130-1.1. Accordingly, I vote to reverse the judgment appealed from, but to do so without the imposition of costs pursuant to 22 NYCRR 130-1.1.
ENTER:
Aprilanne Agostino
Clerk of the Court