Landusco v Open Loop NYC (2020 NY Slip Op 06396)





Landusco v Open Loop NYC


2020 NY Slip Op 06396


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ.  


Index No. 154566/17 Appeal No. 12313N- 12313NA Case No. 2019-4811(1) 

[*1]Peter Landusco, Plaintiff-Appellant,
v
Open Loop NYC et al., Defendants-Respondents.


Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant.
Aguilar Bentley LLC, New York (Anne Burton Walsh of counsel), for respondents. 



Order, Supreme Court, New York County (Robert R. Reed, J.), entered June 17, 2019, which, inter alia, denied plaintiff's motion to vacate an order granting defendant Michael Johnson's motion for a default judgment as to liability on his counterclaims, and order, same court and Justice, entered on or about May 8, 2019, which, inter alia, granted defendants' motion to vacate the note of issue and for sanctions in the amount of $200 for fees and costs incurred in connection with the filing of the motion, unanimously affirmed, without costs.
Plaintiff failed to timely answer defendant Johnson's counterclaims, or to oppose the motion for a default judgment, and his counsel's perfunctory excuse of law office failure, based on a purported reassignment of the case within the law firm, was not reasonable, particularly given defendants' showing that plaintiff was represented by the same lawyer at the firm throughout the action (see Fernandez v Santos, 161 AD3d 473 [1st Dept 2018]). Since plaintiff never proffered a reasonable excuse for his default, we need not consider the merits of his defense to the counterclaims (see id.; Tribeca Tech. Solutions, Inc. v Goldberg, 110 AD3d 536, 537 [1st Dept 2013]).
Plaintiff's certificate of readiness violated 22 NYCRR 202.21 because it wrongly indicated that he had submitted to physical examinations, that the reports regarding those examinations had been exchanged, and that all discovery was complete (see Gomes v Valentine Realty LLC, 32 AD3d 699 [1st Dept 2006]; Cromer v Yellen, 268 AD2d 381 [1st Dept 2000]). Plaintiff's counsel refused to withdraw the note of issue when requested, which resulted in unnecessary motion practice. Accordingly, we find that the court providently exercised its discretion in imposing financial sanctions on plaintiff for frivolous conduct (see 22 NYCRR 130—1.1[c] [2]; [3]; Clark v Allen & Overy, LLP, 159 AD3d 478 [1st Dept 2018], lv dismissed in part, denied in part 32 NY3d 943 [2018], cert denied __ US __, 139 S Ct 1199 [2019]; Marrero v New York City Tr. Auth., 150 AD3d 1097 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020