Matter of Konstantinos Apostolidis (2021 NY Slip Op 02516)





Matter of Konstantinos Apostolidis


2021 NY Slip Op 02516


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01360

[*1]In the Matter of Konstantinos Apostolidis, etc., deceased. Coalition of Landlords, Homeowners & Merchants, Inc., et al., appellants; Pene Apostolidis, respondent. (File No. 3311/10)


Judith N. Berger, Islandia, NY, for appellants.
Michael B. Schulman & Associates, P.C., Melville, NY, for respondent.



DECISION & ORDER
In a probate proceeding in which the Coalition of Landlords, Homeowners & Merchants, Inc., and Paul Palmieri petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of Konstantinos Apostolidis, the Coalition of Landlords, Homeowners & Merchants, Inc., and Paul Palmieri appeal from an order of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated December 20, 2016. The order, insofar as appealed from, granted those branches of the respondent's motion which were pursuant to CPLR 3126 and SCPA 209(8) to dismiss with prejudice all claims made by Paul Palmieri, individually, and pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the respondent's motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.
The Coalition of Landlords, Homeowners & Merchants, Inc. (hereinafter the Coalition), and Paul Palmieri commenced a proceeding to compel an accounting of the decedent's estate. Thereafter, the Surrogate's Court, on consent, converted the proceeding into a proceeding to determine the validity of a claim pursuant to SCPA 1809.
In November 2016, the respondent moved, inter alia, pursuant to CPLR 3126 and
SCPA 209(8) to dismiss with prejudice all claims made by Palmieri, individually, and pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees. The Coalition and Palmieri opposed the motion. In an order dated December 20, 2016, the Surrogate's Court granted those branches of the respondent's motion. The Coalition and Palmieri appeal.
The Surrogate's Court providently exercised its discretion in directing dismissal of the petition insofar as asserted by Palmieri pursuant to CPLR 3126. "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066). A court may strike a pleading as a sanction if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126[3]; see Wolf v Flowers, 122 AD3d 728, 728). Although public policy favors the resolution of cases on the merits, a "determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (Orgel v Stewart Tit. [*2]Ins. Co., 91 AD3d 922, 924 [internal quotation marks omitted]). Here, the record demonstrates that Palmieri and his counsel engaged in a course of conduct that needlessly prolonged the litigation and frustrated the disclosure process.
However, the Surrogate's Court improvidently exercised its discretion in granting that branch of the respondent's motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees. A court may award a party "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (id. § 130-1.1[a]). "Conduct during litigation is frivolous and subject to sanction and/or the award of costs, including an attorney's fee, when: '(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false'" (Marx v Rosalind & Joseph Gurwin Jewish Geriatric Ctr. of Long Is., Inc., 148 AD3d 696, 697, quoting 22 NYCRR 130-1.1[c]). "To avoid sanctions, at the least, the conduct must have a good faith basis" (Marx v Rosalind & Joseph Gurwin Jewish Geriatric Ctr. of Long Is., Inc., 148 AD3d at 697).
Although the contentions raised by the Coalition and Palmieri in opposition to the respondent's motion were found to lack merit, they were not frivolous and did not warrant the award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 (see Rosmarin v Lamontanaro, 261 AD2d 599, 600).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court