■ ITALIAN AMERICAN CIVIC ASSOCIATION OF MINEOLA, N. Y., INC., Respondent, v SALVATORE A. CATALDO, Appellant. [678 NYS2d 295] —In an action pursuant to Not-For-Profit Corporation Law § 202 (a) (2), the defendant appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered October 14, 1997, which denied his motion to vacate and set aside a prior order and a prior judgment of the same court (Phelan, J.), dated March 2, 1993, and March 23, 1993, respectively, and granted the plaintiff's cross motion for attorney's fees and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the defendant and/or his counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate by filing an original and four copies of their respective affirmations or affidavits on that issue in the Office of the Clerk of this Court and serving one copy of the same on each other on or before November 13, 1998.

The alleged hearing irregularities cited by the defendant are not grounds for which relief from a judgment pursuant to CPLR 5015 can be granted, and they do not justify a court's resort to its inherent powers to review alleged errors after the appellate process has been concluded (*see, Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 742; *Pjetri v New York City Health & Hosps. Corp.,* 169 AD2d 100, 103-104).

Contrary to the defendant's contention, the reasons set forth by the Supreme Court for finding the conduct of the defendant and his attorney to be frivolous satisfy the requirements of 22 NYCRR 130-1.2 (*see,* 22 NYCRR 130-1.1 [a], [c] [1]; *Flaherty v Stavropoulos,* 199 AD2d 301; *cf., Bosco v U-Haul of Flatbush,* 244 AD2d 373).

The defendant's remaining contentions are without merit.

We further note that the conduct of the defendant and his attorney indicate that they may be subject to sanctions pursuant to 22 NYCRR 130-1.1 (c) for perfecting a frivolous appeal. Additional costs and/or sanctions may be awarded after the submission of affirmations by counsel for the respective parties. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.