■ LAUREN GLENN, Appellant, v RICHARD ANNUNZIATA, Doing Business as PUTNAM CONSTRUCTION Co., Respondent, et al., Defendants. WARREN J. WILLINGER, Nonparty Appellant. [861 NYS2d 769]—

In an action to recover damages for personal injuries, the plaintiff and the nonparty Warren J. Willinger, appeal from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 29, 2007, as granted that branch of the motion of the defendant Richard Annunziata, doing business as Putnam Construction Co., which was to impose sanctions against the plaintiff and to recover an award of an attorney's fee from the plaintiff pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal by Warren J. Willinger is dismissed, as he is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff, on the law, with costs to the plaintiff, and that branch of the motion which was to impose sanctions against the plaintiff and to recover an award of an attorney's fee from the plaintiff pursuant to 22 NYCRR 130-1.1 is denied.

The plaintiff alleged that she sustained injuries at an indoor riding stable after being thrown from a horse that was startled by the collapse of a portion of the stable's roof. The plaintiff commenced this action to recover damages for personal injuries against the riding stable, the individual owner of the stable, and other defendants believed to be involved in the construction of the riding stable, including the defendant Richard Annunziata, doing business as Putnam Construction Co. (hereinafter the defendant).

The defendant contends that he was not involved with the construction of the riding stable and that the plaintiff's continuance of the action against him constituted frivolous conduct. The plaintiff and her counsel contend that they did not have actual knowledge that the defendant was not a proper party until a stipulation of discontinuance was offered.

The imposition of financial sanctions is authorized by 22 NYCRR 130-1.1 (a). Among the types of conduct which will be considered frivolous are those determined to be "completely without merit in law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; see Ofman v Campos, 12 AD3d 581 [2004]; Stow v Stow, 262 AD2d 550 [1999]). In making that determination, the court must consider "the circumstances under which the conduct took place" and "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]). Further, an award of costs or the imposition of sanctions, or both, may only be made "upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2).

The Supreme Court incorrectly found that sanctions were warranted. The court did not set forth in a written decision the conduct which was the basis of the sanction (see 22 NYCRR 130-1.2). In any event, under the circumstances of this case, the information available to the plaintiff's counsel concerning the contractor involved in the construction of the riding stable was sufficiently ambiguous to justify the plaintiff's reluctance to discontinue the action against the defendant (see Watson v City of New York, 178 AD2d 126 [1991]).

In addition, the plaintiff offered to discontinue the action against the defendant once a deposition of the owner of the riding stable revealed that the defendant was not a contractor in the construction of the stable. Approximately five months passed from when the defendant served an answer until a stipulation of discontinuance was sent to his counsel. Under these circumstances, the plaintiff's conduct did not rise to the level of "harassment" or "prolonging the resolution of the litigation" so as to constitute frivolous conduct.

Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was to impose sanctions against the plaintiff and to recover an award of an attorney's fee from

the plaintiff pursuant to 22 NYCRR 130-1.1. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.