■ In the Matter of STEPHANIE KATZ, Respondent, v ORYA SHOMRON, Respondent. POTRUCH & DAAB, LLC, Nonparty Appellant. [895 NYS2d 719]—

In a child custody proceeding pursuant to Family Court Act article 6, nonparty Potruch & Daab, LLC, appeals, by permission, from so much of an order of the Family Court, Kings County (O'Shea, J.), dated July 21, 2009, as directed it to pay to the petitioner an attorney's fee in the sum of $4,025 and the cost of an expert's court appearance.

Ordered that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, without costs or disbursements.

Pursuant to 22 NYCRR 130-1.1 (a), "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." Here, contrary to the Family Court's determination, and the contention of the petitioner mother, the father's motion to strike the report and testimony of a court-appointed forensic evaluator was not frivolous. The record reflects that the motion, which was filed by the father's counsel, nonparty appellant Potruch & Daab, LLC (hereinafter P&D), was not submitted in an effort to prolong the resolution of the litigation, but instead, was filed reluctantly at the Family Court's urging (*see* 22 NYCRR 130-1.1 [c] [2]; *Glenn v Annunziata*, 53 AD3d 565, 566 [2008]). Moreover, while the arguments raised in the motion were unpersuasive, they were not so lacking in merit as to justify an award under 22 NYCRR 130-

1.1. Accordingly, under the circumstances of this case, the Family Court improvidently exercised its discretion in directing P&D to pay the mother's attorney's fee relating to the motion to strike, as well as the entire cost of the forensic evaluator's time in appearing in court (*see Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]; *Doe v Karpf*, 58 AD3d 669, 670 [2009]; *Glenn v Annunziata*, 53 AD3d at 566).

Since the mother failed to cross-appeal, we decline to address her request for certain affirmative relief (*see Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 850 [2008]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.