*804 In an action, inter alia, to recover damages for intentional infliction of emotional distress, the plaintiffs attorney, the nonparty Robert M. Kerrigan, appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered March 20, 2012, as granted that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of a sanction in the form of an attorney’s fee and costs to the extent of awarding an attorney’s fee to the defendant in the sum of $2,500, payable by him, (2) so much of a judgment of the same court dated July 6, 2012, as, upon the order entered March 20, 2012, is in favor of the defendant and against him in the sum of $2,500, and (3) so much of an order of the same court entered July 9, 2012, as denied his motion, in effect, for leave to reargue that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney’s fee and costs.
Ordered that the appeal from the order entered March 20, 2012, is dismissed, without costs or disbursements; and it is further,
Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the appeal from the order entered July 9, 2012, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.
The appeal from the order entered March 20, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The contention of the appellant, who was the plaintiffs attorney, that he was not given an opportunity to be heard on the defendant’s request for the imposition of a sanction in the form of an attorney’s fee and costs is without merit. Under 22 NYCRR 130-1.1 (d), “[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court’s own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.” Here, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and also for imposition of a sanction in the form of an attorney’s fee and costs. The appellant was thus given notice of the request, and he had a *805 reasonable opportunity to be heard in opposition thereto (see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413 n [1990]).
Moreover, we reject the appellant’s contention that the order directing the imposition of a sanction against him was defective because it failed to comply with 22 NYCRR 130-1.2. That rule provides that “[t]he court may award costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate.” Courts have not held that the procedural dictates of 22 NYCRR 130-1.2 must be followed “in any rigid fashion” (Saleh v Hochberg, 5 AD3d 234, 234 [2004] [internal quotation marks omitted]; see Benefield v New York City Hous. Auth., 260 AD2d 167, 168 [1999]; Italian Am. Civic Assn. of Mineola, N.Y. v Cataldo, 254 AD2d 332, 333 [1998]). Here, in the order dated March 20, 2012, the Supreme Court discussed the reasons why it was directing dismissal of the complaint for failure to state a cause of action. It then cited 22 NYCRR 130.1, and stated that the plaintiff had not even attempted to distinguish the statutes and precedent that mandated dismissal of the complaint. The court directed the imposition of a sanction in the sum of $2,500 in the form of an attorney’s fee against the appellant only. The court’s explanation sufficiently complied with 22 NYCRR 130-1.2.
The appellant’s remaining contentions are without merit.
Under the circumstances presented here, the Supreme Court providently exercised its discretion in granting that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of a sanction in the form of an attorney’s fee and costs to the extent of awarding an attorney’s fee to the defendant in the sum of $2,500, payable by the appellant.
Balkin, J.E, Chambers, Roman and Hinds-Radix, JJ., concur.