■ In the Matter of NATHAN F.T., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; NATHAN H., Respondent. GILLIAN McGOEY, Nonparty Appellant. [973 NYS2d 250]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, nonparty Gillian McGoey appeals, by permission, from so much of an order of the Family Court, Westchester County (Schauer, J.), dated December 12, 2012, as, on the court's own motion, imposed a sanction upon her pursuant to 22 NYCRR 130-1.1 on the ground of frivolous conduct.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion to impose a sanction upon Gillian McGoey is denied.

On November 13, 2010, the subject child was born to Antoinette T. No father was named on the child's birth certificate. Because the child tested positive for drugs following his birth, the Westchester County Department of Social Services (hereinafter the DSS) placed the child with a non-kinship foster parent, commenced a neglect proceeding in the Family Court against the mother, and later sought to terminate her parental rights. The DSS also commenced a paternity proceeding to establish that Nathan H. was the child's father. The nonparty appellant, Gillian McGoey, was assigned pursuant to article 18-B of the County Law to represent Nathan H. in the paternity proceeding. On April 26, 2012, upon Nathan H.'s admission, Nathan H. was adjudicated to be the child's father, and consented to an order of support. On May 17, 2012, Nathan H., proceeding pro se, petitioned in the Family Court for custody of the child. At an appearance on that petition before Judge Schauer, while unrepresented by counsel, Nathan H. waived his right to an attorney and withdrew his petition for custody. Two days later, the DSS commenced a proceeding to terminate his parental rights. Judge Schauer was assigned the case, and McGoey was assigned to represent Nathan H. McGoey moved for Judge Schauer to recuse herself, arguing that she was biased against Nathan H. as exhibited by, among other things, her suspending his visitation with the child, obtaining an uncounseled waiver of his right to an attorney, and obtaining the withdrawal of his petition for custody, all while McGoey had been assigned to represent him in the paternity proceeding. In addition, McGoey requested that the proceeding to terminate Nathan H.'s parental rights be dismissed, since he had not abandoned the child. The Judge directed McGoey to show cause why an or-

der should not be made sanctioning her pursuant to 22 NYCRR 130-1.1 for making a frivolous motion. After a hearing, the Judge imposed a sanction prohibiting McGoey from submitting a voucher for payment in connection with her motion.

Initially, as McGoey correctly contends, although 22 NYCRR 130-1.2 has not been applied rigidly (*see Duncan v Popoli*, 105 AD3d 803, 805 [2013]), the Family Court's written decision does not comply with the dictates of 22 NYCRR 130-1.2. The court did not set forth the reasons why it found the subject motion to be frivolous, or the reasons why the sanction imposed was appropriate (*see Draliuk v Ferretti*, 221 AD2d 585 [1995]; *Martino v Martino*, 194 AD2d 591 [1993]). Moreover, the sanction imposed was not authorized by law. 22 NYCRR 130-1.3 authorizes the payment of a financial sanction into the Lawyers' Fund for Client Protection, not the prohibition of payment under article 18-B of the County Law. In any event, McGoey's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Matter of Katz v Shomron*, 71 AD3d 770 [2010]). Accordingly, the order must be reversed insofar as appealed from, and the motion to impose a sanction upon McGoey must be denied. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.