In an action pursuant to Judiciary Law § 487 to recover treble damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), dated December 8, 2015, as granted that branch of the defendants’ motion which was for the imposition of a sanction in the amount of $160 against him, and, sua sponte, directed dismissal of the complaint on the ground that it violated a prior order of the same court (D. Hart, J.), dated September 19, 2012, issued in an action entitled Liang v Yi Jing Tan, commenced in the Supreme Court, Queens County, under index No. 8155/12, which enjoined the plaintiff from commencing any action related to a certain apartment without prior leave of court.
 

 Ordered that, on the Court’s own motion, the notice of appeal from so much of the order dated December 8, 2015, as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order dated December 8, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 The plaintiff commenced this action alleging, inter alia, that the defendants violated Judiciary Law § 487 by engaging in fraud and misrepresentation related to the sale of an apartment. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 for the imposition of a sanction in the amount of $160 against the plaintiff. The Supreme Court, inter alia, granted that branch of the motion which was for a sanction and, sua sponte, directed dismissal of the complaint on the ground that it violated a prior order dated September 19, 2012, issued in an action entitled Liang v Yi Jing Tan, commenced in the Supreme Court, Queens County, under index No. 8155/12, which enjoined the plaintiff from commencing any action related to that apartment without prior leave of court. The plaintiff appeals.
 

 Contrary to the plaintiff’s contention, the Supreme Court properly directed dismissal of the complaint on the ground that the plaintiff commenced this action in violation of the order dated September 19, 2012. Public policy generally mandates free access to the courts (see Vogelgesang v Vogelgesang, 71 AD3d 1132, 1134 [2010]; Sassower v Signorelli, 99 AD2d 358, 359 [1984]). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Duffy v Holt-Harris, 260 AD2d 595 [1999]; Matter of Shreve v Shreve, 229 AD2d 1005 [1996]). Here, there was ample basis to support the court’s determination to dismiss this action and prevent the plaintiff from engaging in further vexatious litigation.
 

 The plaintiff’s contention that he was not given an opportunity to be heard on that branch of the defendants’ motion which was for the imposition of a sanction is without merit. Under 22 NYCRR 130-1.1 (d), “[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court’s own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.” Here, the defendants moved to dismiss the complaint and also for imposition of a sanction. The plaintiff was given notice of the motion, and he had a reasonable opportunity to be heard in opposition thereto (see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413 [1990]; Duncan v Popoli, 105 AD3d 803, 804-805 [2013]).
 

 Moreover, we reject the plaintiff’s contention that the order directing the imposition of a sanction against him failed to comply with 22 NYCRR 130-1.2. That rule provides that “[t]he court may award costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate.” Courts have not held that the procedural dictates of 22 NYCRR 130-1.2 must be followed “in any rigid fashion” (Duncan v Popoli, 105 AD3d at 804-805; see Saleh v Hochberg, 5 AD3d 234, 234 [2004]). Here, in the order appealed from, the Supreme Court discussed the reasons why it was directing dismissal of the complaint. It then cited 22 NYCRR 130-1.1 (a), and stated that the branch of the motion which was for the imposition of a sanction in the amount of $160 was granted. It is clear from the context of the order that the court found the plaintiff’s conduct to be frivolous for the same reasons it gave for directing dismissal of the complaint. Accordingly, the order did not fail to comply with the requirements of 22 NYCRR 130-1.2.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.