Matter of Parascondola v Romano (2018 NY Slip Op 01067)





Matter of Parascondola v Romano


2018 NY Slip Op 01067


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-04690
2017-04691
 (Docket Nos. V-26286-10/16W, V-26287-10/16W, V-26771-10/16W, V-26772-10/16W)

[*1]In the Matter of Danielle Parascondola, appellant,
v
Michael Romano, respondent.


Schpoont & Cavallo, LLP, New York, NY (Carrie Anne Cavallo of counsel), for appellant.
The Edelsteins, Faegenburg & Brown, LLP, New York, NY (Adam J. Edelstein of counsel), for respondent.



DECISION & ORDER
Appeals from two orders of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), both dated April 7, 2017. The first order dismissed, without a hearing, the mother's petition to modify an order of custody and visitation of that court (Karen Finkel Wohlforth, Ct. Atty. Ref.) dated July 26, 2011, so as to permit her to relocate with the parties' children to Florida. The second order granted the father's cross motion to dismiss the mother's petition to modify the order of custody and visitation dated July 26, 2011, so as to permit her to relocate with the parties' children to Florida and for an award of costs and attorney's fees pursuant to 22 NYCRR 130-1.1 in the sum of $2,500, and dismissed, without a hearing, the mother's petition.
ORDERED that the appeal from the first order dated April 7, 2017, is dismissed, without costs or disbursements, as that order was superseded by the second order dated April 7, 2017; and it is further,
ORDERED that the second order dated April 7, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the father's cross motion which was for an award of costs and attorney's fees, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.
The parties, who were never married to each other, are the parents of two children, both born on August 7, 2010. In an order of custody and visitation dated July 26, 2011, the Family Court awarded the mother sole custody of the children. In December 2013, the mother filed a petition to modify the order of custody and visitation so as to permit her to relocate with the children to Florida. Following a hearing, in an order dated January 30, 2015, the Family Court denied the mother's petition. In October 2016, the mother filed a second petition to modify the order of custody and visitation so as to permit her to relocate with the children to Florida. The father cross-moved to dismiss the mother's second petition and for an award of costs and attorney's fees pursuant to 22 [*2]NYCRR 130-1.1. The Family Court granted the father's cross motion and dismissed the mother's second petition without a hearing. The mother appeals.
Under the circumstances presented, the Family Court providently exercised its discretion in declining to hold a hearing prior to dismissing the mother's second petition, as the facts alleged in the second petition were insufficient to meet the threshold evidentiary showing of a change in circumstances. The matters raised in the second petition were not new, but had been brought to the court's attention in the mother's previous petition (see Matter of Perez v Richmond, 148 AD3d 904; Matter of Scott v Powell, 146 AD3d 964, 965). Therefore, the court properly granted that branch of the father's cross motion which was to dismiss the mother's petition and dismissed, without a hearing, the mother's petition.
However, in granting that branch of the father's cross motion which was for an award of costs and attorney's fees, the Family Court did not comply with the dictates of 22 NYCRR 130-1.2. While the mother's conduct may have been frivolous, the court did not set forth the reasons why it found the mother's conduct to be frivolous, or the reasons why the award was appropriate (see Vogel v Vogel, 128 AD3d 681, 685; Matter of Nathan F.T. [Nathan H.], 110 AD3d 820, 821; Matter of Katz v Shomron, 71 AD3d 770). Accordingly, that branch of the father's cross motion which was for costs and attorney's fees pursuant to 22 NYCRR 130-1.1 must be denied.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court