Robinson v In & Out Deli, Inc. (2019 NY Slip Op 04434)





Robinson v In & Out Deli, Inc.


2019 NY Slip Op 04434


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-01517
 (Index No. 11401/12)

[*1]Jeffrey Robinson, et al., plaintiffs,
v
In & Out Deli, Inc., et al., defendants, GNTL Properties 500 Nassau, LLC, defendant third-party plaintiff-respondent; Joaquim Gloria, third-party defendant-appellant.


Hodgson Russ LLP, New York, NY (Carmine J. Castellano of counsel), for third-party defendant-appellant.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Aimee D. Drexler of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 28, 2016. The order denied his motion to impose sanctions upon the defendant third-party plaintiff, GNTL Properties 500 Nassau, LLC.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by Jeffrey Robinson (hereinafter the injured plaintiff) when he fell on premises owned by the defendant GNTL Properties 500 Nassau, LLC (hereinafter GNTL), and occupied by the defendant In & Out Deli, Inc. (hereinafter the deli; hereinafter together with GNTL the defendants). The plaintiffs alleged that the defendants were negligent in, inter alia, causing and permitting the premises to be in a dangerous and defective condition. Specifically, the plaintiffs alleged that the defendants failed to reroute deliveries to the deli through a basement entrance and to post an employee at the entrance during deliveries to alert customers to a potential collision with individuals making deliveries. Subsequently, GNTL commenced a third-party action against the third-party defendant, Joaquim Gloria, who was delivering bread to the store at the time of the accident, for common-law contribution and indemnification, alleging that the injured plaintiff fell as a result of a collision involving Gloria. Following the deposition of the injured plaintiff, wherein he testified that he fell due to an unsafe door at the deli and that he did not come into contact with Gloria or anything Gloria was carrying at any time, the parties to the main action executed a stipulation of discontinuance.
Thereafter, Gloria moved for sanctions against GNTL pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 and for a hearing to determine his reasonable attorney's fees and costs incurred in the action on the grounds that GNTL's commencement of the third-party action against him based upon the statement of the plaintiffs' attorney that the injured plaintiff was caused to fall when he came into contact with Gloria, without GNTL performing an investigation of the facts, as well as its continued prosecution of the third-party action, were frivolous. The Supreme Court denied the [*2]motion.
We agree with the Supreme Court's determination that sanctions were not warranted. The third-party action for common-law indemnification and contribution against Gloria had a good- faith basis, namely, the plaintiffs' allegation that the injured plaintiff was caused to fall when he came into contact with Gloria. Gloria did not submit any uncontroverted evidence that GNTL knew or should have known that this allegation was inaccurate at the time the third-party action was commenced.
In addition, Gloria failed to demonstrate that the continued prosecution of the action until shortly after the deposition of the injured plaintiff was frivolous. Notably, in an affidavit of the injured plaintiff submitted in opposition to Gloria's motion for summary judgment dismissing the third-party action, made shortly after the third-party action was commenced, the injured plaintiff stated that he was struck by boxes Gloria was carrying which caused him to fall. It was not until approximately two years later, during the injured plaintiff's deposition, that the injured plaintiff testified that that affidavit was inaccurate and that he did not come into contact with Gloria or anything Gloria was carrying at any time. Shortly thereafter, the stipulation discontinuing the main action was executed. Since recovery in the third-party action was contingent upon a finding of liability against GNTL in the main action, discontinuance of the main action effectively terminated the third-party action.
Under such circumstances, GNTL's commencement and continued prosecution of the third-party action was not frivolous (see CPLR 8303-a; 22 NYCRR 130—1.1; Glenn v Annunziata, 53 AD3d 565).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court