Matter of JPMorgan Chase Bank, N.A. v Smith (2020 NY Slip Op 07066)





Matter of JPMorgan Chase Bank, N.A. v Smith


2020 NY Slip Op 07066


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-04925
2017-05121
 (Index No. 27940/08)

[*1]In the Matter of JPMorgan Chase Bank, N.A., etc., respondent, 
v
Russell Smith, et al., appellants.


Russell Smith, Smithtown, NY, appellant pro se.
Marisa Falero, Brooklyn, NY, for appellants Patricia Downs and Barbara Perry.
Hahn & Hessen LLP, New York, NY (Zachary G. Newman and Stephen J. Grable of counsel), for respondent.



DECISION & ORDER
In a proceeding to judicially settle an account, the objectants appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 27, 2017, and (2) an order of the same court (Genine D. Edwards, J.) dated April 4, 2017. The order dated March 27, 2017, insofar as appealed from, denied the objectants' cross motion, made jointly with nonparty Lisa Kyle, to compel compliance with subpoenas served upon certain nonparties. The order dated April 4, 2017, insofar as appealed from, granted that branch of the petitioner's cross motion which was pursuant to 22 NYCRR 130-1.1(a) for an award of costs and attorneys' fees against the objectants and their counsel, nonparty Marisa Falero, and nonparty Lisa Kyle and directed a hearing to determine the amount of the award.
ORDERED that the order dated March 27, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated April 4, 2017, is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order dated April 4, 2017, must be dismissed because the portion of that order appealed from was superseded by a money judgment of the Supreme Court, Kings County, dated March 15, 2018. The issues raised on the appeal from the order dated April 4, 2017, are brought up for review and have been considered on the related appeal from the money judgment (Matter of JPMorgan Chase Bank, N.A., ___ AD3d ___ [Appellate Division Docket No. 2018-00736; decided herewith]).
In October 2008, the petitioner, JPMorgan Chase Bank, NA (hereinafter JPMorgan), commenced this proceeding to judicially settle a trust account. This proceeding was related to a [*2]proceeding commenced pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of an alleged incapacitated person, who was the last income beneficiary of the trust (hereinafter underlying guardianship proceeding). The underlying guardianship proceeding was entitled Matter of Marion C.W. (Lisa K.), and had been commenced in the Supreme Court, Kings County, under Index No. 100303/07. Russell Smith, Patricia Downs, and Barbara Perry (hereinafter collectively the objectants), the petitioners in the underlying guardianship proceeding, and remainder beneficiaries of the trust, are the objectants in this proceeding. Nonparty Lisa Kyle was also a petitioner in the underlying guardianship proceeding.
In an order dated November 2, 2012, in the underlying guardianship proceeding, the Supreme Court, among other things, granted that branch of JPMorgan's cross motion which was to enjoin the objectants and Kyle from, inter alia, filing further motions or commencing new proceedings regarding the alleged incapacitated person or the trust without leave of the court (hereinafter the filing injunction). This Court, inter alia, affirmed so much of the November 2, 2012 order as granted that branch of JPMorgan's cross motion which was for the filing injunction (see Matter of Marion C.W. [Lisa K.], 135 AD3d 777, 779). In an order dated May 26, 2016, the Supreme Court reminded the objectants that the filing injunction was "in full force and effect."
Thereafter, in February 2017, in this proceeding, the objectants served subpoenas on certain nonparties. JPMorgan moved, inter alia, to quash the subpoenas as untimely. In response, the objectants and Kyle cross-moved to compel compliance with the subpoenas. In an order dated March 27, 2017, the Supreme Court, among other things, denied the cross motion of the objectants and Kyle on the ground that they violated the filing injunction.
We agree with the Supreme Court's determination to deny the objectants' cross motion on the ground that they violated the filing injunction. Public policy generally mandates free access to the courts (see Vogelgesang v Vogelgesang, 71 AD3d 1132, 1134; Sassower v Signorelli, 99 AD2d 358, 359). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Strujan v Kaufman & Kahn, LLP, 168 AD3d 1114, 1116; Liang v Wei Ji, 155 AD3d 1018, 1019; Duffy v Holt-Harris, 260 AD2d 595, 596). Here, the evidence demonstrates that the objectants failed to obtain leave of the court prior to the filing of their cross motion to compel compliance with the subpoenas. The objectants' contention that an order of the Supreme Court dated January 3, 2013, authorized them to make the cross motion is without merit. Since the objectants violated the filing injunction by cross-moving to compel compliance with their subpoenas, the Supreme Court providently exercised its discretion in denying that cross motion (see Liang v Wei Ji, 155 AD3d at 1020).
The objectants' contention that the Supreme Court was biased against them is not properly before this Court, as they did not move for the court to recuse itself (see Greene v Rachlin, 154 AD3d 818, 819). Further, the objectants' remaining contention that the court improperly expanded the scope of the filing injunction is without merit.
We decline JPMorgan's request to impose sanctions against the objectants and their attorney, nonparty Marisa Falero, in connection with this appeal (see 22 NYCRR 130-1.1).
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court