Singh v New York City Hous. Auth. (2021 NY Slip Op 05798)





Singh v New York City Hous. Auth.


2021 NY Slip Op 05798


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 20334/16E Appeal No. 14428-14428A Case No. 2021-01339 2021-01784 

[*1]Mandeep Singh, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant. 


Litchfield Cavo LLP, New York (Dennis J. Dozis of counsel), for appellant.
Edelman & Edelman, P.C., New York (Paul H. Maloney of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 15, 2020, which granted plaintiff's motion for sanctions, costs, and attorneys' fees against defense counsel, and set the matter down for a hearing on the amounts thereof, unanimously affirmed, with costs. Order, same court and Justice, entered May 11, 2021, which directed defense counsel to pay plaintiff's counsel $15,000 in attorneys' fees and $959.09 in costs and to pay $10,000 to the Lawyers' Fund for Client Protection as a sanction under 22 NYCRR Part 130, unanimously affirmed, with costs.
The motion court providently exercised its discretion in imposing sanctions and awarding costs and attorneys' fees against defense counsel based on its finding that defense counsel engaged in frivolous conduct (see 22 NYCRR 130-1.1[a]). On November 7, 2018, the day before running afoul of the so-ordered deadline to commence nonparty depositions (NPDs), defendant moved pursuant to CPLR 3103 for a protective order to stay and extend the deadline. The motion was without merit. Contrary to defendant's contentions, CPLR 3103(b) does not function as an automatic discovery-deadline extension device (see Vandashield Ltd v Isaacson, 146 AD3d 552, 556 [1st Dept 2017]). Moreover, defendant acted improperly by submitting transcripts of the NPDs in support of its summary judgment motion, despite not being entitled to the NPDs. Defendant further acted improperly by filing a notice of appeal and moving to reargue the court's decision based on the improperly obtained transcripts of the NPDs.
The court adequately explained the reason for imposing the $10,000 sanction as required by 22 NYCRR 130-1.2. In any event, the requirements of 22 NYCRR 130-1.2 need not be followed "in any rigid fashion" (Saleh v Hochberg, 5 AD3d 234, 234 [1st Dept 2004]; accord Liang v Wei Ji, 155 AD3d 1018, 1020 [2d Dept 2017]).
The court providently exercised its discretion in assessing reasonable attorneys' fees and costs, including travel costs, all of which were proportionate to the conduct adjudicated frivolous (see Matter of Aronesty v Aronesty, 202 AD2d 240 [1st Dept 1994]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021